IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO. 5:15-CV-180 (MTT) |
| | ) | |
| v. | ) | |
| | ) | |
| $44,936.00 IN UNITED STATES FUNDS, | ) | |
| Defendant Property, | ) | |
| | ) | |
| KENNA MIDDLETON, | ) | |
| *Pro Se* Claimant. | ) | |
| | ) | |

## ORDER

The Government has moved to strike the responsive pleadings of pro se claimant Kenna Middleton and for issuance of a final order of forfeiture. Doc. 40. The motion (Doc. 40) is **GRANTED**.

## I. BACKGROUND

In January 2014, the United States Department of Justice, Drug Enforcement Administration ("DEA"), as well as other law enforcement agencies, initiated an investigation involving large quantities of cash being deposited in branch banks located in the Macon, Georgia area and being rapidly withdrawn from branch banks located in the Houston, Texas and Northern California areas. Doc. ¶ 8. The investigation revealed that Ira Christopher Jackson traveled between Texas, Georgia, and California to manage a marijuana distribution organization, using the United States Postal Service, Federal Express, or United Postal Service to ship controlled substances from Texas and California to Georgia. *Id.* ¶ 10. The investigation further revealed that others were also allegedly involved with the distribution of controlled substances, including Kenna

Middleton, the claimant in this case. *Id.* ¶ 9.

On October 31, 2014, as a part of the investigation, law enforcement agents and officers executed a federal search warrant at 4026 Meadowbrook Drive, Macon, Georgia, 31204, which was occupied by the claimant. *Id.* ¶ 11. During the search, the agents and officers found approximately 5,400.9 gross grams of high-grade marijuana, drug packaging and shipping materials, scales, a money counter, computers, cellular telephones, miscellaneous documents, three firearms, ammunition, and $44,936.00 in United States currency. *Id.* ¶ 12. The claimant was arrested on State of Georgia charges for possession with intent to distribute marijuana and possession of firearms by a convicted felon. *Id.* ¶ 13.

On September 9, 2015, the claimant and 30 other individuals were indicted on various counts regarding the distribution of controlled substances. *United States v. Maxwell, et al.*, No. 5:15-cr-35, Doc. 1 (M.D. Ga. Sept. 9, 2015). The claimant pleaded guilty to count one of the Indictment—conspiracy to possess with intent to distribute marijuana—and was sentenced to thirty-three months of imprisonment. *Id.* at Docs. 606; 607; 965. Specifically, in his plea agreement, the claimant stipulated that the Government could prove beyond a reasonable doubt that in October 2014, law enforcement agents executed a search warrant at the claimant's residence located at 4026 Meadowbrook Drive in Macon, Georgia, and that during the search, the agents "found $44,000.00 in drug proceeds, three firearms, ammunition and 5,400 gram[s] of marijuana." *Id.* at Doc. 606 at 9.

On May 20, 2015, before the claimant was indicted, the Government filed a complaint for forfeiture in rem against $44,936.00 in United States currency ("Defendant

Property") pursuant to 21 U.S.C. § 881(a)(6). Doc. 1 ¶ 1. The Government alleges Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 801, constitutes proceeds traceable to such an exchange, and/or constitutes money used or intended to be used to facilitate a violation of the Controlled Substances Act. *Id.* ¶ 15. Defendant Property was seized from the claimant on October 31, 2014 and is currently in the custody of the United States Marshals Service. *Id.* ¶ 2. Once Defendant Property was seized, the DEA initiated administrative forfeiture proceedings. *Id.* ¶ 6. Notwithstanding his admission that the money was proceeds of drug activity, the claimant filed a claim for Defendant Property with the DEA, and the DEA referred the matter to the United States Attorney for the Middle District of Georgia. *Id.*

After receiving notice of the judicial forfeiture proceedings and the Government's complaint, the claimant, who is currently in custody of the Federal Bureau of Prisons, filed what the Court construed as his responsive pleadings. Docs. 8; 9; 10; 19. The parties then engaged in discovery, at least initially. The claimant filed with the Court his responses to the Government's special interrogatories. Doc. 20. In those responses, the claimant asked the Government to clarify more than half of the special interrogatories, noting the interrogatories "fall outside the scope of the Rule [G(6)]." *Id.* The Government states it sent a discovery letter to the claimant that provided clarification as to the purpose of each of the special interrogatories but did not receive any supplemental response from the claimant. Doc. 28-1 at 2.

On December 17, 2018, the Government moved to compel discovery responses, arguing that the claimant received the Government's first set of interrogatories and

request for production of documents but did not respond to those requests, despite the Government's good faith effort to confer and resolve the discovery issues. *Id.* at 4. And despite receiving the Court's notice of the motion to compel, the claimant did not respond to the Government's motion. Doc. 29.

On January 31, 2019, the Court granted the Government's motion to compel discovery responses (Doc. 28) and ordered the claimant to provide full and complete responses to the Government's request for production of documents and special interrogatories by February 14, 2019. Doc. 38. The Court noted that the failure to comply with the order would result in dismissal of the claimant's responsive pleadings. *Id.* As of February 19, 2019, the Government states it still has not received from the claimant written responses to its first set of interrogatories and request for production of documents, nor has it received supplements to the special interrogatories. Doc. 40-1 at 10. Accordingly, the Government has moved under Federal Rule of Civil Procedure 37 to strike the claimant's responsive pleadings and for issuance of a final order of forfeiture. *Id.*

## II. DISCUSSION

Pursuant to Rule 37, if a party fails to cooperate in discovery or obey an order to provide or permit discovery, the Court may impose sanctions. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citation omitted) ("The district court has broad discretion to control discovery. This power includes the ability to impose sanctions on uncooperative litigants."). These sanctions include striking pleadings, dismissing the action or proceeding, and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v)-(vi). While the sanction of dismissal is extreme, the

court has "discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks and citation omitted).

Here, the claimant flagrantly disregarded and willfully disobeyed the Court's discovery order compelling him to submit responses to the Government's discovery requests. The Court provided the claimant notice of the Government's motion to compel, gave him multiple opportunities to respond to the Government's discovery requests, and warned him that the failure to comply with the Court's discovery order would result in dismissal of his responsive pleadings. Nevertheless, the claimant still failed to provide responses to the Government's discovery requests. The record makes clear the claimant had no intention of responding to the Government or to the Court, and no lesser sanction than dismissal would likely change the claimant's behavior or convey the message to the claimant that discovery orders "must be obeyed." *United States v. $239,500 in U.S. Currency*, 764 F.2d 771, 773 (11th Cir. 1985) (holding the district court did not err in dismissing the claimants' claims and forfeiting defendant $239,500.00 to the government because the claimants disobeyed the court's order); *see also Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (noting a lesser sanction than default judgment is not required when it would be ineffective).

### III. CONCLUSION

Accordingly, the Court **GRANTS** the Government's motion to strike the claimant's responsive pleadings and for issuance of a final forfeiture (Doc. 40).[1] Defendant

---

[1] Though the Government did not move for summary judgment in seeking forfeiture, it certainly could have, given the claimant's stipulation in his plea agreement that the $44,000.00 found at his residence was drug proceeds. *United States v. Maxwell, et al.*, No. 5:15-cr-35, Doc. 606 at 9 (M.D. Ga. Dec. 21, 2016).

Property, in the amount of $44,936.00 in United States currency, shall be **FORFEITED** to the Government in accordance with 21 U.S.C. § 881(a)(6).[2]

**SO ORDERED,** this 22nd day of February, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Government does not seek award of expenses under Rule 37(d)(3). Doc. 40-1 at 12 n.1.